Common Pleas Court of Hamilton County.

## SANDOW V. CITY OF CINCINNATI.

Decided December 22, 1930.

*Sol Goodman,* for plaintiff in error.

*H. J. Wernke,* and *F. T. Bartlett,* for defendant in error.

DARBY, J.

The plaintiff in error was charged in the Municipal Court with a violation of Section 74-53 of the ordinances of Cincinnati, in that he failed to drive his automobile in a careful manner and with due regard for the safety and rights of others, and so as to endanger the life, limb and property of others. He was convicted and sentenced to pay a fine of fifty dollars and costs, and his "driving rights suspended for a period of fifty days." The fine imposed

for violation of said ordinance is not questioned, provided that the charge was properly proven, but the plaintiff in error complains that the sentence was illegal in so far as the court undertook to prohibit him from driving his motor vehicle for fifty days, or any period.

Chapter 14 of the Ordinances of Cincinnati deals with the subject of traffic in the streets of the city, and covers that subject in all of its aspects. It provides regulations, defines what are offenses against the city relating to traffic, and provides penalties and incidental procedure.

Section 74-224 of the chapter referred to provides, under the title "Suspension of right to drive, etc.," a penalty in addition to any fine or imprisonment provided by other sections. It is as follows:

"Upon the conviction of any person for violating any of the provisions of this ordinance, the trial court may, in addition to and independent of all other penalties provided for herein, prohibit such person from operating or driving a motor vehicle for a period of not to exceed six months; or, if such person is the driver of a public vehicle the court may suspend or revoke his driver's license. Upon a second conviction of any person, the court may prohibit such person from driving a motor vehicle for a period not exceeding two years."

Thus it will be seen that the sentence as imposed was within the provisions of the ordinance, and if the ordinance is valid and applies to the offense charged the sentence is valid.

But it is claimed that the ordinance is invalid in that it directly conflicts with the Ohio Constitution, Art. 18, Sec. 3. That section deals with the powers of municipal corporations and is as follows:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits, such local, police, sanitary and other similar regulations as are not in conflict with general laws."

The specific claim is that the ordinance in question conflicts with Section 12607-1, General Code, which provides, as far as applicable, as follows:

"Whenever a person is found guilty under the laws of this state, of operating a motor cycle or motor vehicle contrary to the speed laws, or of failing to stop the motor cycle or motor vehicle in case of accident to persons or property due to the operation of such motor cycle or motor vehicle, and to give the information required by law, or of operating a motor cycle or motor vehicle while intoxicated, the trial court may, in addition to or independent of all other penalties provided by law, prohibit such person from operating or driving a motor cycle or motor vehicle for a period not exceeding six months, or if such person be the owner of a motor cycle or motor vehicle, the court may suspend the certificate of registration of the owner of the motor cycle or motor vehicle, for such period as it may determine, not exceeding, however, the period for which such motor cycle or motor vehicle is registered. Upon finding a person guilty a second time of any of the offenses above referred to, the court may under the same conditions and terms as above set forth, prohibit such person from operating or driving a motor cycle or motor vehicle for a period not exceeding two years, or if such person be the owner of a motor cycle or motor vehicle, the court may revoke the certificate of registration of the owner of such motor cycle or motor vehicle, and after such revocation the owner shall not be entitled to register the motor cycle or motor vehicle for a period of not to exceed two years as may be fixed by the trial court * * *."

All matters of registration, issuing of licenses and license plates, etc., are within the control and jurisdiction of the state, and the state has passed general laws for the regulation of motor vehicles upon the highways, provided penalties for the violation of those regulations; and has provided in Section 12607-1 for what causes a driver may be prohibited to operate his automobile. Conviction of any one of three of the sections of the Code is sufficient authority for the court to make such prohibition for a limited time; they are, violating the speed laws, violating the regulation concerning stopping and giving information upon the occurrence of an accident, and driving while in an intoxicated state.

In the section last referred to therefore, the state has announced the conditions upon which the rights of the individual may be suspended and has passed general regulations covering this subject.

In the case of *Youngstown* v. *Evans,* 121 Ohio St., 342, the Supreme Court had before it the validity of ordinances of cities, and was considering the question as to when an ordinance of the city is valid as within Art. 18, Sec. 3 of the Constitution. On page 347 the court says:

"It is more consonant with reason, in interpreting the constitutional provision as a whole, to assume that it was intended to clothe municipalities with power to prescribe rules of conduct in all matters relating to local police, sanitary, and other similar regulations, where no rules had been prescribed by the General Assembly; as to the matter where the General Assembly had theretofore or might thereafter prescribe rules, the municipal ordinances and regulations would be effective only so far as consistent with general law. That is to say, if the entire ordinance were wholly repugnant to a general law, it would be wholly invalid; if repugnant in certain of its provisions, the repugnant part would be invalid."

The question specifically in this case is this:

Has the municipality a right to revoke driving rights and certificates of registration for any trivial violation of a municipal ordinance, where the state has provided that such penalty may only be inflicted for the graver offenses named in the statute?

A question very similar to this was under consideration in *Niehaus* v. *State, ex rel.,* 111 O. S., 47, syl. 2:

"The General Assembly of the state having enacted a general law requiring the building inspection departments of municipalities having a regularly organized building inspection department to approve plans for the construction of public school buildings erected within such municipalities, a municipality is without power to thwart the operation of such general law by the enactment of an ordinance requiring the payment of a fee as a condition precedent to compliance therewith."

See p. 53 for consideration of the powers of municipality under Art. 18, Sec. 3 of the Constitution.

It will be observed that Section 74-224. provides—

"Upon the conviction of any person for violating any of the provisions of this ordinance, the trial court may" suspend one's driving rights for six months for the first offense, or two years for a second offense. The ordinance

referred to regulates all matters of traffic within the city, as to parking, turning, operation, speed, observing lights and signs, character of trucks and many other subjects.

While the state law provides only that rights under the state law may be suspended for the three offenses named, the city ordinance undertakes to provide for depriving of the benefit of rights obtained under state law, for the most trivial and unimportant violations of the ordinance.

The court is of the opinion that the ordinance is directly in conflict with the state law, and the policy of the state on the subject. If the city is to legislate upon the subject it must conform its ordinance to the state law. In so far therefore as the ordinance attempts the so-called suspension of rights or revocation of registration, etc., for offenses other than those named in the general law, it is invalid.

The offense named in the affidavit in this case, if this were a prosecution for violating the state law, could not carry with it the penalty imposed as to the driving rights.

Being of the opinion, therefore, that the ordinance is in direct conflict with the state law, it necessarily follows that the court is of the opinion that the sentence, except as to the fine and costs, was invalid, and to the extent that the court below undertook to inflict a penalty upon the plaintiff in error under Section 74-224, the judgment of the court below is reversed, but affirmed in all other respects.

A question was made as to the sufficiency of the evidence, but since the bill of exceptions does not purport to contain all the evidence, the court does not consider that question.